Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000161
31-AUG-2011
08:39 AM

NO. CAAP-10-0000161


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In re Petition to Amend
Interim Instream Flow Standards for
Waikamoi, Puohokamoa, Haipuaena, Punalau/Kolea,
Honomanu, West Wailuaiki, East Wailuaiki, Kopiliula,
Puakaa, Waiohue, Paakea, Kapaula, and Hanawi streams


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over the appeal that Petitioner-Appellant Nā Moku 'Aupuni 'o Ko'olau Hui (Appellant Nā Moku) has asserted from an apparent decision by the State of Hawai'i Department of Land and Natural Resources Commission on Water Resource Management (the Commission on Water Resource Management)[1] to deny Appellant Nā Moku's June 4, 2010 petition for a contested case hearing, because the Commission on Water Resource Management has not yet reduced its decision to a written order that is final and appealable pursuant to Hawaii Revised

---

[1] At relevant times, the State of Hawai'i Department of Land and Natural Resources Commission on Water Resource Management was comprised of the following commissioners: Chairperson Laura H. Thielen, Dr. Chiyome Fukino, Neal Fujiwara, William Balfour, Jr., Donna Kiyosaki, Dr. Lawrence Miike, and Sumner Erdman.

Statutes (HRS) § 174C-12 (1993), HRS § 91-14 (1993 & Supp. 2010), and HRS § 174C-60 (1993).

In cases before the Commission on Water Resource Management, "[j]udicial review of rules and orders of the commission under this chapter shall be governed by chapter 91." HRS § 174C-12 (emphasis added). "Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter[.]" HRS § 91-14(a) (emphasis added). The supreme court has held that the denial of a request for a contested case hearing constituted a "final decision and order." See Kaleikini v. Thielan, 124 Hawaii 1, 26, 237 P.3d 1067, 1092 (2010). Administrative appeals commence in circuit court "except where a statute provides for a direct appeal to the intermediate appellate court[.]" HRS § 91-14(b). "Any other law to the contrary notwithstanding, including chapter 91, any contested case hearing under this section shall be appealed upon the record directly to the supreme court for final decision." HRS § 174C-60. Although HRS § 174C-60 refers to the supreme court rather than the intermediate court of appeals, the supreme court has specifically held that "HRS § 174C-60 (1993) is inconsistent with and cannot stand together with HRS §§ 602-5 and 602-57, as amended by [2004 Haw. Sess. Laws] Act 202, and is deemed amended by implication, effective July 1, 2006, to authorize appeals from the Water Commission to the intermediate appellate court, not to

the supreme court." <u>In re Water Use Permit Applications,</u> <u>Petitions for Interim Instream Flow Standard Amendments</u>, 113 Hawai'i 52, 54-55, 147 P.3d 836, 838-39 (2006) (footnote omitted).

HRS § 174C-8 (1993) authorizes the Commission on Water Resource Management to adopt and enforce rules. According to the Commission on Water Resource Management's rules, "[f]our members of the commission shall constitute a quorum to transact business and the concurrence of a simple majority of the members of the commission shall be necessary to approve any action of the commission." Hawai'i Administrative Rules (HAR) § 13-167-6 (2010). "All orders and other actions of the commission shall be authenticated or signed by the chairperson or other persons authorized by the commission." HAR § 13-167-7(c) (2010).

In the instant case, Appellant Nā Moku purports to appeal from the following two documents:

(1)     Acting Deputy Director Lenore N. Ohye's October 18, 2010 "Staff Submittal[,]" in which Acting Deputy Director Lenore N. Ohye recommends that the Commission on Water Resource Management should deny Appellant Nā Moku's June 4, 2010 petition for a contested case hearing; and

(2)     the October 18, 2010 "Minutes for the Meeting of the Commission on Water Resource Management[,]" which indicated that a majority of a quorum of the Commission on Water Resource Management voted to approve Acting Deputy Director Lenore N. Ohye's October 18, 2010 "Staff Submittal[.]"

However, neither of these two documents is signed by the chairperson or any other member of the Commission on Water Resource Management, and, thus, neither of these two documents appears to be a final written order.

An administrative agency's meeting minutes often reflect the administrative agency's "quasi-legislative decisions," which the supreme court has described as "decisions that affect large numbers of unspecified persons and are not directed at specific individuals[.]" Applications of Herrick and Irish, 82 Hawai'i 329, 344, 922 P.2d 942, 957 (1996). However, in contrast, an administrative agency's "resolution of [a] controversy between [specific persons] call[s] for the employment of quasi-judicial rather than quasi-legislative procedures." Shoreline Transportation, Inc. v. Robert's Tours and Transportation, Inc., 70 Haw. 585, 594, 779 P.2d 868, 873 (1989) (citation omitted); Save Sunset Beach Coalition v. City and County of Honolulu, 102 Hawai'i 465, 473, 78 P.3d 1, 9 (2003) ("[An] action is considered quasi-judicial when it applies a general rule to a specific interest, such as a zoning change affecting a single piece of property, a variance, or a conditional use permit." (Citation and internal quotation marks omitted)). In judicial proceedings before a trial court, the reflection of the trial court's adjudication of a dispute in "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added); State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003) ("[I]n order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)."); KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) ("[An] oral decision is not an appealable order."). Analogously, in the

-4-

instant case, in order to appeal from a quasi-judicial action by the Commission on Water Resource Management, the aggrieved party must appeal from a written order that is approved by a majority of the members of the Commission on Water Resource Management and is issued by the Commission on Water Resource Management. See HRS § 174C-12 (authorizing an appeal from appeals from the "rules and orders of the commission"); HRS § 91-14(a) (authorizing appeals from an agency's "final decision and order").

Absent an appealable, final, written order that adjudicates Appellant Nā Moku's June 4, 2010 petition for a contested case hearing, the instant appeal is premature, and we lack appellate jurisdiction. "Appellate courts, upon determining that they lack jurisdiction – or that any other court previously considering the case lacked jurisdiction – shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further." Kaniakapupu v. Land Use Commission, 111 Hawai'i 124, 135, 139 P.3d 712, 723 (2006) (emphases added; citation and internal block quotation omitted).

Therefore, IT IS HEREBY ORDERED that Appeal No. CAAP-10-0000161 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, August 31, 2011.

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Associate Judge

-5-